OPINION. Haeeon, Judge: This proceeding has been considered by this Court previously. See Eleanor M. Funk, 1 T. C. 890. It was submitted originally under a stipulation of facts, to which certain exhibits were, attached. The findings of fact, the opinion, and the conclusions of this Court in this proceeding in the original report which are found in 7 T. C. at page 890, were based solely upon the record which was submitted to this Court in this proceeding[2] and were not based upon the record in the case of the petitioner’s husband, Wilfred J. Funk, which had been decided previously. In Funk v. Commissioner, supra, the Circuit Court made the following statement at page 803 of 163 Fed. (2d) : We do not hold here that the conclusions of the Tax Court would not be sustained on a proper record or upon adequate findings of fact. * * sfc * * * * Por the reasons stated the decision of the Tax Court will be reversed and the case remanded with directions for further proceedings not inconsistent with this opinion. Upon remandment of this proceeding, it was placed upon a calendar of this Court for trial in order that a “proper record” would be before this Court, from which it could make “adequate findings of fact.” Just before the date which was set for trial, counsel for both parties filed with this Court a stipulation in' which it was stipulated, in part, that: * * * The complete record in the case of Wilfred J. Funk v. Commissioner, Board of Tax Appeals (now the Tax Court of the United States) Docket No. 111193, hereinafter called the Wilfred J. Funk case (including, among other things, the pleadings, testimony of witnesses, exhibits, transcripts, minutes, and Memorandum Findings of Fact and Opinion of this Court which was entered on February 7, 1944). certified under seal of the Court, may be offered and received in evidence in this proceeding for all purposes without objection by either party, subject only to the right of either party to object to the receipt in evidence in this proceeding of the whole or any part of said record solely on the ground of relevancy or materiality * * *. It is further understood and agreed that petitioner thereafter by brief may note her objections, if any, solely on the ground of relevancy or materiality, to the receipt in evidence of the whole or any part of the record in the Wilfred J. Funk case and her exceptions, if any, to the correctness of the findings of fact contained in this Court’s Memorandum Findings of Fact and Opinion entered on February 7,1944 in the Wilfred J. Funk case. * * * The entire record in the Wilfred, J. Funk case was offered in evidence in this proceeding by the respondent and was admitted in evi-deuce, subject to the making of objections on brief by counsel for either party solely on the ground of relevancy and materiality. Respondent made no objections, but contended “that nothing less than the entire record in the Wilfred J. Funk case meets without equivocation the mandate of the Circuit Court of Appeals.” The petitioner, having reserved the right so to do, made several objections on brief to the receipt in evidence in this proceeding of certain portions of the record in the Wilfred J. Funk case on the ground that such portions of the record are irrelevant or immaterial. Careful consideration has been given to all of the objections of the petitioner, but they are now overruled. The record in this proceeding now comprises the stipulation of facts, with certain exhibits attached, which was originally submitted in this proceeding, and the entire record and the memorandum findings of fact and opinion in the proceeding of Wilfred J. Funk, Docket No. 111193. From the entire record, excepting the memorandum findings of fact and opinion, we have made findings of fact in this proceeding as set forth in the findings of fact, sufra. We have not considered the findings of fact which were made in the Wilfred J. Funk case, nor the opinion therein, which are set forth in the aforesaid memorandum findings of fact and opinion because different questions than are at issue in this proceeding were before the Board of Tax Appeals in the Wilfred J. Funk case. In considering the record, as now constituted, in this proceeding, we have observed much that is irrelevant and immaterial to the issues presented and have given such parts of the record no weight. On the other hand, we have found in our findings of fact all of the facts which we deem to be relevant and material to the issue which we must decide. The question to be decided is whether the income of four trusts, known as trusts A, B, C, and D, for the years 1938,1939,1940, and 1941 is taxable to the petitioner, as the respondent has determined, or to the trusts, as the petitioner contends. The respondent contends that the income of the trusts is taxable to the petitioner under section 22 (a) of the Internal Revenue Code and the Revenue Act of 1938 because she had unfettered command of the income and was free to elect to have it distributed to herself. He relies primarily upon Mallinckrodt v. Nunan, 146 Fed. (2d) 1, affirming 2 T. C. 1128; certiorari denied, 325 U. S. 892; Corliss v. Bowers, 281 U. S. 376; Jergens v. Commissioner, 136 Fed. (2d) 497; certiorari denied, 320 U. S. 784; Edgar R. Stix, 4 T. C. 1140; affd., 152 Fed. (2d) 562; and Annie Inman Grant, 11 T. C. 178; affd., 174 Fed. (2d) 891. The reasoning of the Circuit Court in the Mallinckrodt case, which the respondent deems to be controlling of the question, is quoted in the margin.[3] The question, in' our opinion, turns upon the provision contained in each trust instrument which relates to the power of the trustee over trust income, which is quoted in full in the margin.[4] We fail to find any ambiguity in the terms of the clause which sets forth the powers of the trustee over the income of the trusts. Whatever the motives of the grantor of these trusts may have been, the unambiguous and specific language of article first of each trust must control. Bunting v. Commissioner, 164 Fed. (2d) 443. The narrow question is whether or not the power given to Jthe trustee, Eleanor M. Funk, the petitioner in this proceeding, gave her control over the trusts’ income, so little fettered as to be regarded as less than complete command over the income, to enjoy at her own election, for purposes of the Federal income tax. The pertinent clause of the trust instruments gave the trustee discretion to pay to herself annually all or part of the annual net income of the trusts in accordance with her needs, "of which she shall he the sole judge? (Italics added.) It was said in Emery v. Commissioner, 156 Fed. (2d) 728, 730, that “the fact that the petitioner did not exercise her powers in her own favor during the taxable years does not make the income any less taxable to her.” The same is said here. The evidence in this proceeding is to the effect, and findings of fact have been made accordingly, that the petitioner had absolute control over the .trusts’ income; that she made distributions entirely by the exercise of her own discretion; that she took whatever she wanted each year,’and gave some of the rest to her husband in certain years; that what she distributed to him was determined solely by herself without any consideration of whether or not he had any need for the income; that the petitioner’s husband had no need for any of the distributions which she made to him in 1939,1940, and 1941; and that the sums which she did distribute to him were “gifts.” In short, the evidence shows that Eleanor M. Funk, trustee, followed to the letter the provisions in the trust instruments that she should distribute the trust income in her discretion, and that she should be the “sole judge” of how she would distribute the income. There is no evidence in this proceeding regarding the “necessities” of the petitioner’s husband, Wilfred J. Funk, as compared with the “necessities” of the petitioner, upon which any conclusion can be made as to “the minimum which a court would have compelled” her “to give” to her husband under the trusts. Lacking such evidence, the petitioner has failed to prove what amount of income of the trusts, if any, was not within her absolute control. Stix v. Commissioner, supra. As was said by the Circuit Court of Appeals for the Second Circuit in the Stix case, at page 563 of 152 Fed. (2d) 562: * * * Quite aside from whether a control, so little fettered, should ever be regarded as less than absolute, when taxes are in question, the taxpayers at bar failed to carry their burden of proof, for they did not show what part of the income they could have been compelled to pay to their sons; and how much, therefore, was not within their absolute control. We must conclude that, upon the record of this proceeding, the pertinent clause in the trust instruments gave petitioner a command over the disposition of the annual income of the trusts which was too little fettered to be regarded as less than absolute for purposes of taxation. We conclude, further, that the petitioner can not escape taxation on the income of the trusts without showing what she could have been compelled, by a court, to give to her husband. Stix v. Commissioner, supra. See, also, Corliss v. Bowers, supra; Helvering v. Stuart, 317 U. S. 154; Helvering v. Clifford, 309 U. S. 331; Harrison v. Schaffner, 312 U. S. 579; Mallinckrodt v. Nunan, supra; Jergens v. Commissioner, supra; Frank v. Commissioner, 145 Fed. (2d) 413; Busch v. Commissioner, 148 Fed. (2d) 798; Emery v. Commissioner, supra; Bunting v. Commissioner, supra; Grant v. Commissioner, supra. The respondent’s determinations are sustained. It follows from our holding above, that the petitioner understated her correct gross income for the years 1938 and 1939 by more than 25 per cent. Therefore, under section 275 (c) of the Internal Revenue Code, the assessment of the deficiencies for those years is not barred by the statute of limitations. O'Bryan v. Commissioner, 148 Fed. (2d) 456. Reviewed by the Court. Decisions will be entered for the respondent. Upon appeal from the decision of this Court to the Circuit Court of Appeals for the Third Circuit, argument was made by counsel that this Court, through one of its judges, had, by way of judicial notice, considered the record in a prior proceeding, that of the husband of the petitioner, Wilfred J. Funk, involving the same trusts and three of the same taxable years. That argument, based upon erroneous assumptions, gave rise to an issue in the appeal of this proceeding relating to judicial notice. The learned opinion of the Circuit Court on that issue gives complete reply to the arguments which counsel on appeal undertook to make. This Court did not, through any of its judges, take judicial notice of the record in the proceeding of Wilfred J. Funic, Docket No. 111,193, decided under an unprinted memorandum findings of fact and opinion which was entered on February 7, 1944, in its considerations of this proceeding, reported at 7 T. C. 890. We stated clearly at p. 898 of 7 T. C- “in the record in this case’'; and “on the record.” “We agree with the majority of the Tax Court that implications which fairly may be drawn from the opinions of the Supreme Court in Corliss v. Bowers, 281 U. S. 376, 378 * * *, Helvering v. Clifford, 309 U. S. 331 * * *, and other cases relative to the taxability of trust income to one having command over it, justify, if they do not compel, the conclusion that the undistributed net income of the trust in suit, during the years in question, was taxable to petitioner under § 22 (a). This, because the power of petitioner to receive this trust income each year, upon request, can be regarded as the equivalent of ownership of the income for purposes of taxation. In Harrison v. Schaffner, 312 U. S. 579, 580 * * *, the Supreme Court approved ‘the principle that the power to dispose of income is the equivalent of ownership of it and that the exercise of the power to procure its payment to another, whether to pay a debt or to make a gift, is within the reach of the statute taxing income “derived from any source whatever.” ’ It seems to us, as it did to the majority of the Tax Court, that it is the possession of power over the disposition of trust income which is of significance in determining whether, under § 22 (a), the income is taxable to the possessor of such power, and that logically it makes no difference whether the possessor is a grantor who retained the power or a beneficiary who acquired it from another. See Jergens v. Commissioner, supra, (p. 498 of 136 Fed. (2d) * * *). Since the trust income in suit was available to petitioner upon request in each of the taxable years involved, he had in each of those years the ‘realizable’ economic gain necessary to make the income taxable to him. See Helvering v. Stuart, 317 U. S. 154, 168, 169 * * *; Helvering v. Clifford, supra, at pp. 336, 337 of 309 U. S. * * * ; Helvering v. Gordon, 8 Cir., 87 Fed. (2d) 663, 667.” () WEST During my lifetime to hold, manage, sell, invest, and reinvest the same, to receive the income thereof and to pay therefrom all taxes, assessments, and other charges and expenses accruing thereon from year to year and properly chargeable thereto, and all expenses incident to the trust hereby created, and in her discretion to pay all or a part of the net income annually to me, or to herself, in accordance with our respective needs, of which she shall be the sole judge, and to accumulate and add to principal the balance of such income, if any. Any income so accumulated and added to principal by the Trustee shall become a part of the corpus of the trust and may not thereafter be distributed by the Trustee.